IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Parrish and Regina Parrish, | ) |
| | ) Civil Action No.: 3:21-cv-01118-JMC |
| Plaintiffs, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| USAA Casualty Insurance Co., Venturi National Services, LLC a/k/a Venturi Restoration a/k/a Response Team 1, Jetside Holdings, LLC, Cary Reconstruction Co., LLC, New Standard Flooring, LLC, South Carolina Wall and Painting, LLC, Intech Maintenance Solutions, LLC, and LJ Flooring, LLC, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the court pursuant to Plaintiffs John Parrish and Regina Parrish's ("Plaintiffs") Motion to Remand the instant case to the Fifth Judicial Circuit, Richland County, South Carolina. (ECF No. 24 at 1.) Defendants USAA Casualty Insurance Co. ("USAA"), Venturi National Services, LLC a/k/a Venturi Restoration a/k/a Response Team 1 ("Venturi"), Jetside Holdings, LLC ("Jetside"), and Cary Reconstruction Co., LLC ("Cary Reconstruction") originally opposed Plaintiffs' Motion to Remand. (ECF No. 30.) However, Defendants USAA, Venturi, Jetside Holdings, LLC, Cary Reconstruction Co., LLC, New Standard Flooring, LLC ("New Standard"), South Carolina Wall and Painting, LLC, Intech Maintenance Solutions ("InTech"), LLC, and LJ Flooring, LLC ("LJ Flooring") (collectively "Defendants") now consent to Plaintiffs' Motion to Remand. (ECF No. 63.) For the reasons set forth below, the court **GRANTS** Plaintiffs' Motion to Remand.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 2, 2021, Plaintiffs filed a civil action in the Court of Common Pleas, Richland County, State of South Carolina. (ECF No. 1 at 1.) A sink in Plaintiffs' home overflowed, causing property damage throughout the house. (ECF No. 24-1 at 1.) Plaintiffs made a claim through their home ownership insurance, USAA, to perform the repairs to the home. (*Id.*) Plaintiffs allege that USAA and the vendors it hired to complete the work were negligent in performing the repairs, which caused additional property damage. (*Id.* at 2.)

For jurisdictional purposes, Plaintiffs claim they are citizens of South Carolina. (ECF No. 18 at 1.) Additionally, Plaintiffs did not specify the amount of damages in the Complaint but "pray for judgment against Defendants in a sum sufficient to adequately compensate them for actual damages, punitive damages, statutory damages, the costs of this action, attorneys' fees, pre-judgment interest, post-judgment interest, any relief a jury may award, and for such other and further relief as this Court may deem just and proper." (ECF No. 18 at 21.)

On April 15, 2021, Defendant USAA General Indemnity Company (USAA GIC) filed a Notice of Removal pursuant to 28 U.S.C. § 1446. (ECF No. 1 at 1.) For the purposes of jurisdiction, USAA GIC is a citizen of Texas (*id.* at 2), Cary Reconstruction is not a citizen of South Carolina (*id.* at 3), Venturi is not a citizen of South Carolina (*id.* at 4), and Jetside is not a citizen of South Carolina (*id.* at 4). As such, complete diversity existed between the parties at the time.

On May 10, 2021, Plaintiffs amended their Complaint, naming two additional Defendants: InTech and LJ Flooring. (ECF No. 18 at 4.) Plaintiffs claim that InTech and LJ Flooring are citizens of South Carolina. (ECF No. 24 at 1.) Consequently, Plaintiffs filed a Motion to Remand the action to the Fifth Judicial Circuit of South Carolina, County of Richland pursuant to 28 U.S.C. §

1447(c), arguing that this court no longer had jurisdiction over the suit. (*Id.*) Plaintiffs explained that the addition of South Carolina citizens InTech and LJ Flooring as parties defeats diversity jurisdiction, and that subject matter jurisdiction does not exist because the Amended Complaint asserts only state law causes of action. (*Id.* at 1-2; ECF No. 24-1 at 1.)

On May 24, 2021, USAA filed a Response in Opposition to Plaintiffs' Motion for Remand. (ECF No. 30.) USAA argued Plaintiffs failed to prove InTech and LJ Flooring were citizens of South Carolina (*id.* at 1) and if InTech and LJ Flooring are South Carolina citizens, the court may decide whether to permit the joinder (*id.* at 2).

On July 23, 2021, USAA, with the authorization of Venturi, Jetside, Cary Reconstruction, New Standard, and InTech, filed a Notice of Consent to Remand. (ECF No. 63 at 1-2.) Defendants agreed to withdraw their Response in Opposition to Plaintiffs' Motion to Remand (ECF No. 30) because they determined that InTech is a citizen of South Carolina, thus defeating diversity jurisdiction (ECF No. 63 at 1).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Strawn v. AT&T Mobility LLC,* 530 F.3d 293, 296 (4th Cir. 2008). Thus, a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States; . . . ." U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn,* 530 F.3d at 298 (holding that the

3

party seeking federal jurisdiction to remove a case must allege federal jurisdiction in the notice of removal and, when challenged, demonstrate the basis for jurisdiction).

Additionally, section 1332 requires complete diversity between all parties. *See Strawbridge v. Curtiss,* 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

### III. ANALYSIS

The relevant question before the court is whether the addition of InTech and LJ Flooring as parties to the suit defeats diversity jurisdiction such that the case may be remanded to the Fifth Judicial Circuit of South Carolina. Plaintiffs claim to be South Carolina citizens (ECF No. 18 at 1), and they argue that InTech and LJ Flooring are also citizens of South Carolina (ECF No. 24 at 1). Defendants agree that Plaintiffs and InTech are citizens of South Carolina and consent to remand the case. (ECF No. 1 at 2; ECF No. 63 at 1-2.)

Complete diversity between the opposing parties does not exist in this case because the Plaintiffs and InTech are both citizens of South Carolina. Federal district courts only have jurisdiction in civil matters where the amount in controversy exceeds $75,000.00 and the case arises between citizens of different states. U.S.C. § 1332(a). The court in *Mayes* clarified that complete diversity between parties exists only where no opposing parties share common citizenship. *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999). In the instant case, the parties agree that Plaintiffs and InTech are South Carolina citizens, so the case lacks the complete diversity between opposing parties necessary for federal jurisdiction.

4

## IV. CONCLUSION

Based on the forgoing reasons, the court **GRANTS** Plaintiffs' Motion to Remand (ECF No. 24).

**IT IS SO ORDERED.**

United States District Judge

August 30, 2021
Columbia, South Carolina

5